UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

DANNY DAVIS )
 )
      Petitioner, )
 )
v. ) 1:05-cv-227/1:01-cr-190
 ) *Collier*
UNITED STATES OF AMERICA )
 )
      Respondent. )

## MEMORANDUM

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Danny Davis ("Davis"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

### I. STANDARD OF REVIEW

This court must vacate and set aside Davis' conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Davis "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show

conclusively that Davis is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

## II.   FACTUAL BACKGROUND

Davis pleaded* guilty, without the benefit of a written plea agreement, to count one of a second superseding indictment charging him with conspiracy to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841 and 846. He was sentenced as a career offender to a term of imprisonment of 144 months; the sentence also included a downward departure based upon motion of the government. On direct appeal, Davis challenged the use of a prior felony conviction for aggravated burglary as a predicate offense for his career offender status. The United States Court of Appeals for the Sixth Circuit rejected the challenge and affirmed the sentence. *United States v. Davis*, 98 Fed.Appx. 419, 2004 WL 959995 (6th Cir. May 3, 2004).

In support of his § 2255 motion to vacate sentence, Davis alleges the following: (1) he was illegally convicted on a dismissed indictment and charge; (2) he received ineffective assistance of counsel; (3) he is not a career offender because his prior predicate conviction for aggravated burglary is not final; and (4) the court should order the government to file a Rule 35 motion for downward departure based upon his subsequent substantial assistance.

## III.   DISCUSSION

### A.   Illegal Conviction on Dismissed Indictment

2

Davis alleges he was illegally convicted on an indictment that was previously dismissed. Davis further alleges he was not arraigned on the second superseding indictment after the indictment was dismissed.

The second superseding indictment was filed on April 9, 2002. [Criminal Action No. 1:01-cr-190, Court File No. 45, Second Superseding Indictment]. On April 18, 2002, Davis was rearraigned on the second superseding indictment and pleaded guilty to count one during the same hearing. [*Id.*, Court File No. 48, Courtroom Minutes]. On July 10, 2002, the government filed a motion to dismiss without prejudice the indictment as to defendant Danny Davis [*id.*, Court File No. 65, Motion], which was granted by order entered July 10, 2002 [*id.*, Court File No. 66, Order]. Davis was sentenced on November 8, 2002, and at that time the remaining counts of the second superseding indictment against him were dismissed on motion of the government. [*Id.*, Court File No. 105, Judgment entered December 16, 2002].

Davis argues that, by virtue of the motion to dismiss the indictment and the order granting the motion, the second superseding indictment to which he entered a guilty plea was dismissed and therefore he was improperly convicted. The motion to dismiss without prejudice, however, and the order granting the motion, were housekeeping functions by which the government dismissed charges that it no longer wished to pursue in order to go forward on the superseding charges. The motion and order had no effect upon Davis' guilty plea to count one of the second superseding indictment or his ensuing conviction on that count.

The docket sheet in this regard is misleading, in that the docket entry of the order granting the motion to dismiss indicates that all counts against Davis in the indictment, superseding indictment, and second superseding indictment were dismissed. The docket entry is incorrect and

3

the court's order, which was a general dismissal without prejudice of the indictment, is the operative document. Accordingly, Davis is not entitled to relief on this claim.

### B. Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687.

To establish his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Davis must demonstrate the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id.* at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, Davis bears the burden of proving by

a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Davis first argues his attorney failed to argue the conviction was illegal because the indictment had been dismissed. The court having found this argument to lack merit, Davis' claim of ineffective assistance of counsel in this regard also lacks merit. The failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990). Likewise, an attorney is not required to raise meritless issues on appeal. *Mathews v. United States*, 11 F.3d 583, 585 (6th Cir. 1993).

Davis next alleges he and his attorney had a conflict of interest. According to Davis, between the time of his guilty plea and his sentencing, he filed a complaint with the Tennessee Board of Professional Responsibility concerning the conflict he had with his attorney over money. Davis further states that, at the sentencing hearing, counsel advised the court that his services were terminated but he would prepare the notice of appeal. According to Davis, counsel was advised that the Sixth Circuit would appoint counsel for Davis. Nevertheless, trial counsel filed the notice of appeal and represented Davis on appeal.

Davis claims his trial counsel represented him on appeal against Davis' wishes. Davis has not, however, demonstrated his attorney's performance on appeal was deficient or that he was prejudiced by his alleged conflict with his attorney. A timely notice of appeal was filed and counsel raised on appeal the challenge to the validity of Davis' aggravated burglary conviction for purposes of his status as a career offender. Davis is not entitled to relief on this claim.

Davis also claims his attorney was ineffective by misfiling certain documents under the wrong case number. Prior to the indictment in Criminal Action No. 1:01-cr-190, Davis was indicted

in Criminal Action No. 1:01-cr-69. That case was dismissed on motion of the government. According to Davis, his attorney mistakenly filed in Criminal Action No. 1:01-cr-69 the following documents: (1) the sentencing memorandum objecting to the use of the aggravated burglary conviction; (2) the notice of appeal; and (3) the transcript order.

Davis argues this court did not consider his objection to the use of the aggravated burglary conviction as a predicate offense. This allegation is contradicted in the record. Trial counsel presented to the court Davis' objections to the use of predicate offenses. [Criminal Action No. 1:01-cr-190, Presentence Report, Addendum, Objection Number 1]. At the sentencing hearing, counsel strenuously argued against the use of the aggravated burglary conviction. [*Id.*, Court File No. 136, Notice of Transcript, Transcript of Sentencing Hearing, pp. 9-19]. As noted, the issue was also unsuccessfully raised on direct appeal.

The Sixth Circuit did note counsel failed to filed a copy of the transcript of the sentencing hearing; nevertheless the appellate court was able to consider the issue without benefit of the transcript based upon firmly established law. *United States v. Davis*, 98 Fed.Appx at 420. Under the circumstances, Davis has failed to demonstrate any prejudice resulting from his attorney's alleged errors in this regard.

Davis next claims his attorney failed to notify him of the Sixth Circuit's decision, thereby denying him the right to file a petition for the writ of certiorari to the Supreme Court. Davis argues that by failing to file a petition for certiorari, he was unable to preserve review under *United States v. Booker*, 543 U.S. 220 (2005), and *Shepard v. United States*, 544 U.S. 13 (2005). Again, Davis has failed to demonstrate prejudice based upon his attorney's alleged errors.

Davis' enhanced sentence was based upon his prior convictions and thus a claim under *Booker* would have offered him no relief. *See United States v. Barnett*, 398 F.3d 516, 525 (6th Cir. 2005) ("[T]here is no language in *Booker* suggesting that the Supreme Court, as part of its remedial scheme adopted in that case, intended to alter the exception to *Apprendi* allowing district courts to consider the fact and nature of prior convictions without submitting those issues to the jury.").

In *Shepard*, the Supreme Court held that a sentencing court cannot look to police reports in determining whether a defendant committed a "generic burglary." 544 U.S. at 21-27. This is important because, for purposes of the Armed Career Criminal Act, a burglary is "a violent felony only if committed in a building or enclosed space ('generic burglary'), not in a boat or motor vehicle." *Id* at 15-16. In this case, Davis' conviction for aggravated burglary is a predicate offense on its face. *See* Tenn. Code Ann. § 39-14-403(a) ("[a]ggravated burglary is burglary of a habitation"). In addition, it was clear Davis entered a plea of guilty to that charge; the only issue raised by Davis, and rejected by the Sixth Circuit, was that the conviction "could not be counted because the judgment of conviction had never been approved as part of the minutes of the trial court in Tennessee." *United States v. Davis*, 98 Fed.Appx. at 419. *Shepard* thus would not have afforded Davis any relief.

Davis was not prejudiced by his inability to file a petition for writ of certiorari. Accordingly, based upon all of the foregoing, Davis has failed to state a claim of ineffective assistance of counsel under the standard set forth in *Strickland*.

### C.     Career Offender Status

Davis alleges his prior conviction for aggravated burglary is not a final conviction because it was not approved on the court's minutes and thus could not serve as a predicate offense for

7

purposes of his career offender status. As noted, this argument was considered and rejected by the Sixth Circuit. Davis cannot use a § 2255 proceeding to relitigate issues decided adversely to him on direct appeal. *See, e.g., DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996).

Davis also states he has filed in the state court a writ of error coram nobis attacking his aggravated burglary conviction. In rejecting Davis' challenge to the use of the aggravated burglary conviction as a predicate offense, the Sixth Circuit observed the following: "The appropriate means to attack a prior state court conviction is through state court proceedings and then, if necessary, through federal habeas corpus proceedings. Should Davis successfully attack his state conviction by either means, he may then apply to reopen his federal sentence." *United States v. Davis*, 98 Fed.Appx. at 421. The fact Davis may have filed a motion for writ of error coram nobis in the state court does not, without more, mean he has successfully attacked his prior conviction. Davis is not entitled to relief on this claim.

### D. Rule 35 Motion for Downward Departure

Davis asks the Court to order the government to file a Rule 35 motion for downward departure based upon his additional substantial assistance. A court may, on motion of the government made within one year after a sentence is imposed, depart from the guidelines and reduce a sentence to reflect a defendant's subsequent, substantial assistance in the investigation or prosecution of another. Fed. R. Crim. P. 35(b).

Whether the government moves for a sentence reduction based on substantial assistance is a matter of discretion, subject only to constitutional limitations, and the district court has no authority to reduce a sentence because of the defendant's assistance absent a motion by the government or to order the government to make such a motion. *Wade v. United States*, 504 U.S.

8

181, 185-86 (1992); *Sullivan v. United States*, 11 F.3d 573, 575 (6th Cir. 1993). Davis does not allege the government based its decision on an unconstitutional motive, but rather the government concluded his assistance was not substantial. Davis is not entitled to relief on this claim.

**IV.  CONCLUSION**

Davis is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Davis leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Davis having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

An appropriate order will enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**